DARIUS H. BARTLETT *vs.* LOREN LEATHERS.

Somerset.   Opinion February 4, 1892.

*Promissory Note.   Indorsement.   Pleadings.   Days of Grace.   R. S., c. 32, § 9.*

In an action on a note commenced by an indorsee against the indorser, the words in the common form of declaration, that the defendant became liable and in consideration thereof promised the plaintiff to pay him the note, are a sufficient allegation that the defendant indorsed the note to the plaintiff for value.

A note which without grace would become due on Sunday is not to be regarded as payable on Saturday before, so as to be with grace added due on Tuesday afterwards, but such note is due and payable on Wednesday after such Sunday.

It is only when the last day of grace falls on Sunday that the time of a note is shortened by a day.

ON EXCEPTIONS.

The case appears in the opinion.

*Merrill and Coffin*, for plaintiff.

*D. D. Stewart*, for defendant.

The declaration alleges no consideration for defendant's supposed contract, and is, therefore, defective. *Bourne* v. *Ward*, 51 Maine, 191; *Augusta Bank* v. *Augusta*, 49 *Id.* 419; *King* v. *Crowell*, 61 *Id.* 244; *Gore* v. *Gibson*, 13 M. & W. 623; *Murdock* v. *Caldwell*, 8 Allen, 309; *Burnham* v. *Allen*, 1 Gray, 500. Open to demurrer: *Thomson* v. *O'Sullivan*, 6 Allen, 303; *Murdock* v. *Caldwell*, 8 Allen, 309.

Note fell due on July 22, 1878, Sunday. Of this the court will take judicial notice, 1 Gr. Ev. (13th ed.) § 5; 1 Whar. Ev. § 282; *Brown* v. *Piper*, 91 U. S. 37. The almanac is part of the law of England, per Pollock, C. B. in *Tutton* v. *Darke*, 5 H. & N. 649; *Street* v. *U. S.* 133 U. S. 306. Note was due by the law merchant, Saturday, July 21. *Barker* v. *Parker*, 6 Pick. 80, 81; *Chaffee* v. *R. R. Co.* 146 Mass. 234. Days of Grace: Chit. Bills, c. 9. pp. 410, 411; Sto. Prom. Notes, § 220, note 3; *Perkins* v. *Bank*, 21 Pick. 485; *Bowley* v. *Bowley*, 41 Maine, 542. Is no part of the contract *per se*, but a statute allowance. Last day of grace was July 24, demand for payment not made until July 25, one day too late. Cases *supra*, and *Jones* v. *Fales*, 4 Mass. 248.

PETERS, C. J. In this action brought by an indorsee of a note against the indorser, the declaration closes in these words :

" And the said Loren Leathers thereafterwards on the same day indorsed and delivered the said note to the plaintiff; and the plaintiff avers that afterwards when the said note became payable, viz : on the 25th day of July, A. D., 1888, at Medford, aforesaid, the said note was duly presented to said George G. Holt, and payment of the said sum, according to the tenor of the said note, was then and there duly required of the said George G. Holt, who then and there refused to pay the same,

of all which the said Loren Leathers thereafterwards, viz., on the same day, had notice, by reason whereof the said Loren Leathers became liable and in consideration thereof, then and there promised the plaintiff to pay him the contents of the said note, with interest, when thereunto requested."

It is objected by defendant on demurrer to the declaration, that no consideration is alleged for his promise to pay the note in case of non-payment by the maker. We find, however, the declaration to be of a standard form in both ancient and modern use. The words "in consideration thereof" in the count apply to all preceding matter, and amount to an averment that the note was indorsed for value.

The defendant also contends that the note was not demanded of the maker on the day it became due. The note, dated July 22, 1884, on four years, appears to have been presented for payment and protested on July 25, 1888. The defendant's point is that, as July 22, 1888, came on Sunday, the note fell due on Saturday the 21st, and with grace added became payable on the 24th day of July, 1888: It may be that at common law the note would have become due as the defendant contends, but that is not the meaning of our statute on the subject. By our law the days of grace are made a part of the contract just as if written in the note itself, and a note does not in any sense fall due before the last day of grace. It is the Sunday occurring on the last day of grace, and not one occurring on the last day preceding the days of grace, that deducts a day from the running time of a note.                    *Demurrer overruled.*

WALTON, LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.